FILED

2021 Jul-28  PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **Hermes Chimaera-El,** | } | |
| | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| | } | |
| **v.** | } | **Case No.:  2:21-cv-08014-MHH** |
| | } | |
| | } | **Crim. Case No.:   2:17-cr-00150-MHH-SGC-2** |
| **United States of America,** | | |
| | | |
| **Defendant.** | | |

### MEMORANDUM OPINION

Hermes Chimaera-El has asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (Doc. 1).  Because Mr. Chimaera-El's § 2255 habeas petition is untimely, the Court will deny the petition.

### I.

Following conviction and sentencing, 28 U.S.C. § 2255 permits a federal prisoner to ask the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  To obtain relief under § 2255, the petitioner must:  (1) file a non-successive petition or obtain an order from the Eleventh Circuit Court of Appeals authorizing the district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the petition in the court where the conviction or sentence was received, *see Partee v. Att'y Gen. of Ga.*, 451 Fed. Appx. 856, 858 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kenma*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition under 28 U.S.C. § 1746.

The Court interprets Mr. Chimaera-El's petition for relief liberally because he is proceeding without the help of an attorney.  *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (stating that *pro se* filings "are entitled to liberal construction.").[1]

---

[1] Mr. Chimaera-El has asked the Court to appoint counsel to assist him in his habeas petition. (Doc. 5).  The Court denies the request because Mr. Chimaera-El's § 2255 motion is untimely.

## II.

Mr. Chimaera-El raises several grounds for relief in his § 2255 motion. (Doc. 1, pp. 4–9). He signed his petition on December 8, 2020. (Doc. 1, p. 13). The Court did not receive Mr. Chimaera-El's § 2255 petition until May 17, 2021, (Doc. 1-1, p. 2), and the Clerk of Court docketed the petition that day, (Doc. 1, p. 1). On June 1, 2021, the Court received motions from Mr. Chimaera-El asking the Court to permit him to proceed *in forma pauperis* and to appoint him a lawyer. (Docs. 4, 5). The motions indicate that Mr. Chimaera-El signed them on May 25, 2021. (Doc. 4, p. 1; Doc. 5, p. 1). Those motions contain a return address of P.O. Box 34429, Charlotte, North Carolina, 28234. (Doc. 4, p. 1; Doc. 5, p. 1). That is the post office box for the Mecklenburg County Jail in Charlotte, North Carolina. (*see* Doc. 4, p. 3).

On May 20, 2021, the Court entered a show cause order, instructing the United States to state whether it opposed Mr. Chimaera-El's motion, and, if so, why the Court should not grant the relief Mr. Chimaera-El sought. (Doc. 2). The Court mailed the show cause order to Mr. Chimaera-El at the Mecklenburg County Jail, 801 East 4th Street, Charlotte, NC 28202, (Doc. 6, p. 2), but the order was returned to the Court as undeliverable. (Doc. 6, p. 1). The Court updated the address for Mr. Chimaera-El, using the post office box address Mr. Chimaera-El included in his motion to appoint counsel, and resent the order to Mr. Chimaera-El. (Staff Notes –

3

06/08/2021).  The second mailing of the show cause order to Mr. Chimera-El has not been returned to the Clerk of Court.

Mr. Chimaera-El later provided another address request, listing 1840 Enderly Drive, Columbus, OH 43219 as his preferred mailing address.  (Doc. 7).  He explained that he "may be leaving this location soon.  Can you please forward all mail to the address listed below.  I will update the address again once I am transferred to a new federal prison.  Thank you."  (Doc. 7, p. 1).  According to the Federal Bureau of Prisons Inmate Locator, Mr. Chimaera-El is not in BOP custody, and his release date is March 11, 2022.  FEDERAL BUREAU OF PRISONS, INMATE LOCATOR, https://www.bop.gov/inmateloc/ (last visited July 27, 2021).

On June 21, 2021, the United States responded to the Court's show cause order and objected to Mr. Chimaera-El's motion, arguing that the motion was filed too late.  (Doc. 8).  According to the certificate of service on the United States' submission, the United States served its response on Mr. Chimaera-El at the following address:  1840 Enderly Drive, Columbus, OH 43219.  (Doc. 8, p. 5). Under the Court's show cause order, Mr. Chimaera-El had 30 days to file a reply. (Doc. 2, p. 1).  As of the date of this opinion, the Court has not received a reply from Mr. Chimaera-El.

## III.

The United States argues that the Court should not consider Mr. Chimaera-El's petition because he waited too long to file it. (Doc. 8). The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for prisoners to file a habeas petition under 28 U.S.C. § 2255. The one-year time limit begins to run from the latest of the following four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The United States argues that Mr. Chimaera-El's petition is governed by § 2255(f)(1), and the one-year limitations period was triggered on the date his conviction became final. Where, as here, a federal criminal defendant files a direct appeal, the defendant's conviction becomes final 90 days after his appeal is dismissed. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002)

("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(f)(1) until the expiration of the 90-day period for seeking certiorari."). The Eleventh Circuit Court of Appeals affirmed Mr. Chimaera-El's conviction on December 7, 2018. (Crim. Doc. 77, p. 1; Crim. Doc. 77-1).[2] Applying the 90-day rule, Mr. Chimaera-El's conviction became final on March 7, 2019, and the limitations period under § 2255(f)(1) expired one year later on March 7, 2020. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). Mr. Chimaera-El did not file his § 2255 petition until December 8, 2020. (Doc. 1).[3] Therefore, Mr. Chimaera-El's § 2255 is more than 10 months too late.

There are narrow exceptions to the one-year filing period for § 2255 motions. "The § 2255(f) deadline 'is a garden-variety statute of limitations, and not a jurisdictional bar.' A court therefore may equitably toll the statute of limitations if the inmate untimely filed due to extraordinary circumstances outside of his control and unavoidable with diligence." *Mims v. United States*, 758 Fed. Appx. 890, 892

---

[2] "Crim. Doc." refers to documents filed in Mr. Chimaera-El's underlying criminal case: *United States v. Chimaera-El*, 2:17-cr-00150-MHH-SGC-2.

[3] Because Mr. Chimaera-El dated his motion December 8, 2020, the Court gives Mr. Chimaera-El the benefit of the prison mailbox rule even though the Court did not receive Mr. Chimaera-El's § 2255 motion until May 17, 2021. "The 'mailbox rule' allows a *pro se* prisoner's filings to be dated as of the date the prisoner delivers it to prison authorities or places it in the prison mail system." *Wells v. Cramer*, 262 Fed. Appx. 184, 185–86 (11th Cir. 2008) (citing *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999)). It is interesting that Mr. Chimaera-El prepared his *ifp* motion and his motion to appoint counsel on May 25, 2021, approximately one week after the Court received Mr. Chimaera-El's § 2255 motion.

(11th Cir. 2019) (internal citations omitted).  To be entitled to equitable tolling, "a petitioner must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Moore v. Frazier*, 605 Fed. Appx. 863, 866 (11th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  "In proving an 'extraordinary circumstance,' a petitioner must 'show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.'"  *Moore*, 605 Fed. Appx. at 866 (quoting *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)).  "The petitioner has the burden of proving that circumstances justify applying the equitable-tolling doctrine."  *Moore*, 605 Fed. Appx. at 866 (citing *San Martin*, 633 F.3d at 1268).

Mr. Chimaera-El acknowledged in his motion that he did not file the motion within the one-year limitation period and explained:  "due to COVID-19, I assume the Court was not responding to my 2255 motion(s)."  (Doc. 1, p. 11, ¶ 18).  Mr. Chimaera-El has not provided identifying information such as case numbers for the other § 2255 motions he purports to have filed, and the Court does not have a record of other motions; Case 2:21-cv-08014-MHH is the only § 2255 motion that the Court has record of receiving from Mr. Chimaera-El.  The COVID-19 pandemic has not impacted the docketing of motions in this judicial district.  If the pandemic somehow

affected Mr. Chimaera-El's efforts to submit a motion, he has not explained how.[4]
Therefore, Mr. Chimaera-El has not carried his burden of proving that circumstances
relating to the pandemic justify equitable-tolling of the one-year limitation period
for his motion.

Because Mr. Chimaera-El failed to timely file his § 2255 petition, and because
he not demonstrated a basis for equitable tolling of his filing deadline, the Court
denies Mr. Chimaera-El's motion to vacate his sentence. The Court will enter a
separate order closing the case. The Court directs the Clerk to please mail a copy of
this opinion and a copy of the docket sheet for this case to Mr. Chimaera-El at:

> Hermes Chimaera-El
> PID # 266203
> Mecklenburg County Jail
> P.O. Box 34429
> Charlotte, NC 28234
>
> and
>
> Hermes Chimaera-El
> 1840 Enderly Drive
> Columbus, OH 4321.

---

[4] On February 4, 2020, the United States declared COVID-19 a public health emergency.
*Determination of Public Health Emergency*, 85 FR 7316-01, 2020 WL 585145 (Feb. 7, 2020), and
then-President Trump declared the COVID-19 outbreak a national emergency effective March 1,
2020, just under one week before the deadline for Mr. Chimaera-El's § 2255 motion. *Declaring
a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, 85 FR
15337, 2020 WL 1272563 (Mar. 13, 2020). Mr. Chimaera-El has not suggested that he contracted
COVID-19 in the week or so leading to March 7, 2020, and he has not indicated that circumstances
at the jail where he was incarcerated somehow prevented him from filing his § 2255 motion by
March 7, 2020. Mr. Chimaera-El has not identified circumstances that caused him to have to wait
until December 2020 (at the earliest) to submit his § 2255 motion.

**DONE** and **ORDERED** this July 28, 2021.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE